[Cite as *State v. West*, 2016-Ohio-5694.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28051 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON WEST | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 10 3052 |

DECISION AND JOURNAL ENTRY

Dated: September 7, 2016

HENSAL, Judge.

{¶1} Defendant-Appellant, Jason West, appeals his sentence from the Summit County Court of Common Pleas. For the following reasons, we affirm in part, vacate in part, and remand the matter for a limited resentencing.

I.

{¶2} A grand jury indicted Defendant-Appellant, Jason West, on 12 counts of telecommunications harassment. Subsequent to the initial indictment, Mr. West was indicted on five additional counts of telecommunications harassment, one count of menacing by stalking, one count of tampering with evidence, one count of obstructing official business, two counts of intimidation of a crime victim or witness, one count of contributing to the unruliness or delinquency of a child, one count of pandering obscenity, and three counts of intimidation, for a total of 27 counts. Mr. West ultimately pleaded guilty to all 17 counts of telecommunications harassment, the one count of menacing by stalking, the one count of obstructing official

business, both counts of intimidation of a crime victim or witness, and one count of intimidation. Upon the State's motion, the trial court dismissed the remaining counts.

{¶3} After hearing statements from Mr. West, the prosecutor, and several victims and/or a representative on their behalf, the trial court sentenced Mr. West to a total of 10 years of imprisonment. Mr. West now appeals, raising four assignments of error for our review. For ease of consideration, we have combined his first and second assignments of error, as well as his third and fourth assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED THE DEFENDANT WITHOUT PROPERLY GIVING HIM ALL THE REQUIRED NOTIFICATIONS CONCERNING POST RELEASE CONTROL.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED THE DEFENDANT TO THREE YEARS OF MANDATORY POST-RELEASE CONTROL.

{¶4} In his first assignment of error, Mr. West argues that the trial court committed plain error when it failed to adequately inform him of his post-release control obligations. He, therefore, asks this Court to remand this matter for a de novo sentencing hearing. In his second assignment of error, Mr. West argues that the trial court committed plain error when it sentenced him to three years of mandatory, as opposed to discretionary, post-release control. He, therefore, asks this Court to remand this matter for the trial court to impose a discretionary period of post-release control.

{¶5} Regarding Mr. West's first and second assignments of error, the State concedes both assigned errors and argues that the sentencing on remand must be limited solely to the proper imposition of post-release control.

{¶6} Our review of the record indicates that the trial court erred by failing to notify Mr. West of the possible consequences should he violate the conditions of his post-release control. *See* R.C. 2929.19(B)(2)(c & e); *see also State v. Frederick*, 9th Dist. Summit No. 26864, 2014-Ohio-5537, ¶ 10 (stating that "[a]t the sentencing hearing, a trial court must inform the offender if postrelease control is required and must explain the consequences for violating the conditions of postrelease control."). The Ohio Supreme Court has held that when a trial court fails to properly impose post-release control, that portion of its sentence is void and "only the offending portion of the sentence is subject to review and correction." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27. Thus, the portion of the trial court's sentence that failed to properly impose post-release control is vacated, and Mr. West is entitled to a new sentencing hearing limited to the proper imposition of post-release control. *Id.* at ¶ 29.

{¶7} Regarding Mr. West's second assignment of error, our review of the record indicates that the trial court did, in fact, err by imposing mandatory post-release control given the fact that the highest offense Mr. West pleaded guilty to was a third-degree felony. *See* R.C. 2967.28(C). We note, however, that the record reflects that the trial court informed Mr. West that he would be subject to discretionary post-release control prior to Mr. West entering his plea, and that the trial court referred to this prior conversation during the sentencing hearing. Its subsequent journal entry imposing mandatory post-release control is, therefore, inconsistent with the record. While this error would typically warrant a remand to the trial court to correct this

discrepancy,[1] our disposition of the previous assignment of error eliminates the necessity for such a remand because we vacated the portion of the trial court's entry that improperly imposed post-release control and instructed the court to conduct a limited resentencing. Accordingly, Mr. West's second assignment of error is sustained only to the extent that he argues that the trial court erred by imposing mandatory post-release control.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED STRUCTURAL, REVERSIBLE, AND PLAIN ERROR AT THE SENTENCING HEARING BY CONDUCTING ITS OWN INVESTIGATION OF ALLEGED CRIMINAL CHARGES THAT WERE NEITHER CHARGED NOR PROVEN.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED STRUCTURAL, REVERSIBLE, AND PLAIN ERROR AT THE SENTENCING HEARING BY CONSIDERING ALLEGATIONS OF CRIMINAL CHARGES THAT WERE NEITHER CHARGED NOR PROVEN DURING MR. WEST'S SENTENCING HEARING IN VIOLATION OF HIS RIGHTS TO DUE PROCESS.

{¶8} In his third assignment of error, Mr. West argues that the trial court committed structural, reversible, and plain error by requesting a summary of any offenses and/or rule violations that Mr. West committed while incarcerated at the Summit County Jail. Relatedly, in his fourth assignment of error, Mr. West argues that the trial court erred by using those allegations against him during sentencing, thus violating his rights to due process.

{¶9} Mr. West cites *State v. Longo*, 4 Ohio App.3d 136 (8th Dist.1982), for the proposition that a trial court errs by conducting its own investigation during the sentencing phase. In *Longo*, the defendant was charged and found guilty of carrying a concealed weapon.

---

[1] *See, e.g.*, *Cleveland v. Hopkins*, 8th Dist. Cuyahoga Nos. 97600 and 97601, 2012-Ohio-5170, ¶ 27 ("Given the discrepancy between the trial court's oral pronouncement at the sentencing hearing and the apparent clerical errors in the court's journal entry, we remand this case to the trial court for appropriate corrections to the journal entry to accurately reflect the sentence imposed by the court at the sentencing hearing.").

*Id.* at 137. During the sentencing phase, the trial court telephoned a non-witness to ascertain facts regarding an uncharged auto theft offense, which it then relied upon during sentencing. *Id.* at 137, 141. The appellate court found that the trial court exceeded its authority by calling the non-witness, and that it "drew conclusions [from that conversation] obviously crucial to the sentencing decision." *Id.* at 141.

**{¶10}** Here, the record indicates that the trial court simply requested a summary of any offenses and/or rule violations that Mr. West committed while incarcerated. We find nothing improper with the trial court's request. Regarding the trial court's alleged reliance on those acts during sentencing, this Court has stated that "Ohio law is clear that [u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence." (Alterations sic.) *State v. D'Amico*, 9th Dist. Summit No. 27258, 2015-Ohio-278, ¶ 6, quoting *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014–Ohio–4248, ¶ 7. Mr. West concedes in his merit brief that the trial court did not base its sentence solely on the unindicted acts. In this regard, Mr. West states that "the trial court usurped its function by basing its sentencing, *in part*, on the * * * alleged jail violations[.]" (Emphasis added.) Further, the trial court made clear that it was sentencing Mr. West for the convicted offenses only. Specifically, the trial court stated as follows:

> [L]et me be very clear. I'm not going to use any of the pain that's been caused in the past on anything else. You only stand convicted on these charges. So, let me be clear, that's only what I'm going to convict you on.

**{¶11}** Mr. West's arguments, therefore, lack merit. Accordingly, Mr. West's third and fourth assignments of error are overruled.

III.

{¶12} Mr. West's first and second assignments of error are sustained. Mr. West's third and fourth assignments of error are overruled. The portion of the sentencing entry that improperly imposed post-release control is vacated and the matter is remanded for the trial court to conduct a new sentencing hearing limited to the proper imposition of post-release control. The judgment of the Summit County Court of Common Pleas is affirmed in part, vacated in part, and cause remanded.

Judgment affirmed in part,
vacated in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

MIKE DEWINE, Attorney General, and MICAH R. AULT, Assistant Attorney General, for Appellee.