[Cite as *State v. Jaeger*, 2018-Ohio-2994.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

ENOCH JAEGER

    Appellant

C.A. No.     17CA0072-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16-CR-0624

DECISION AND JOURNAL ENTRY

Dated: July 30, 2018

SCHAFER, Presiding Judge.

{¶1} Appellant, Enoch Jaeger, appeals his convictions in the Medina County Court of Common Pleas for vandalism, breaking and entering, theft, and engaging in a pattern of corrupt activity. For the reasons that follow, we affirm.

I.

{¶2} In September and October 2016, there were a series of breaking and entering offenses committed at gas station convenience stores in Medina County. During each offense, two men would use a large rock or block of concrete to smash open the glass door of the store then enter it carrying large garbage cans. Once inside, they quickly collected cartons of cigarettes inside the garbage cans then exited less than a minute later.

{¶3} On October 12, 2016, Mr. Jaeger and an accomplice attempted to commit a similar offense. The gas station they targeted, however, had been the site of one of the earlier offenses and had modified its front door in response. The men, therefore, were unable to break

through the door. As they were driving away from the gas station in the accomplice's car, they were stopped by a sheriff's deputy for having only one operating headlight. The deputy determined that there were arrest warrants out for both Mr. Jaeger and the accomplice, so he took them into custody. During a search of the car, law enforcement found clothing that matched the clothing worn by the perpetrators of each of the gas station break-ins. They also found two garbage cans and a large rock in the trunk of the car. Mr. Jaeger later told a detective that he had knowledge of the workings of the entire operation and that, in exchange for immunity, he could tell the detective the identities of all of the individuals involved in the offenses, as well as those involved in transporting and selling the stolen cigarettes.

{¶4} The Grand Jury indicted Mr. Jaeger for one count of vandalism, four counts of breaking and entering, three counts of theft, and one count of engaging in a pattern of corrupt activity. Following a number of continuances of the trial date, a jury found him guilty of the offenses. The trial court sentenced Mr. Jaeger to five years imprisonment. Mr. Jaeger has appealed, assigning three errors. We have reordered the second and third assignments of error for ease of disposition.

II.

ASSIGNMENT OF ERROR I

**The trial court err[ed] by denying [Mr. Jaeger]'s motion to dismiss for speedy trial violations**.

{¶5} Mr. Jaeger argues that the trial court should have dismissed the charges because the State violated his right to a speedy trial. A trial court's determination of speedy trial issues presents a mixed question of law and fact. *State v. Fields*, 9th Dist. Wayne No. 12CA0045, 2013–Ohio–4970, ¶ 8. "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly

erroneous standard of review to questions of fact." *Id.*, quoting *State v. Downing*, 9th Dist. Summit No. 22012, 2004–Ohio–5952, ¶ 36.

{¶6} "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the State of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor * * *." *Id.* at syllabus. Accordingly, "for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 et seq. and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive." *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶7} R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." "[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Thus, if the accused is held in jail in lieu of bail, the time within which the trial must be held is 90 days. See *id.* When calculating speedy trial time, the day of arrest is not to be counted. *State v. Friedhof*, 9th Dist. Medina No. 2505-M, 1996 Ohio App. LEXIS 3018, *8 (July 10, 1996), citing *State v. Steiner*, 71 Ohio App.3d 249, 250-251 (9th Dist.1991); See also Crim.R. 45(A). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71]." R.C. 2945.73(B).

{¶8} An accused may waive his right to a speedy trial, so long as the waiver is knowingly and voluntarily made. *O'Brien* at 9. Such a waiver must be in writing or expressly made in open court on the record. *State v. King*, 70 Ohio St.3d 158 (1994), at syllabus.

Furthermore, a waiver may be limited or unlimited in duration. *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶ 8.

{¶9} The trial court originally scheduled Mr. Jaeger's trial for January 10, 2017. Upon motions of Mr. Jaeger's counsel, the trial date was continued to February, then March, then May, then June, and, finally, to July 24, 2017. Mr. Jaeger acknowledges that his attorney moved for many of the continuances. He argues that the last one, however, should not be charged to him. According to the transcript of the June hearing, Mr. Jaeger had accepted a plea agreement. After arriving on the day of trial to change his plea, however, Mr. Jaeger informed the prosecution that he had changed his mind about their agreement. The court inquired whether the trial could still go ahead later that day or the next, but the prosecutor answered that they did not have a jury and that its witnesses were not present. Mr. Jaeger's counsel then told the court that, since it was Mr. Jaeger who had changed his mind, he was moving for a continuance of the trial. Mr. Jaeger is bound by his counsel's request even if it was without his consent. *State v. McBreen*, 54 Ohio St.2d 315 (1978), syllabus.

{¶10} Mr. Jaeger argues that even if his trial was held within the time limits set out in R.C. 2945.71, the delay still violated his constitutional right to a speedy trial. As noted earlier, however, the Ohio Supreme Court has held that a defendant's constitutional right to a speedy trial is coextensive with his statutory rights, except in some limited circumstances not implicated here. *O'Brien* at 9, citing *State v. Ladd*, 56 Ohio St.2d 197, 201 (1978). Even if we were to conclude that an exception to the general rule applied here, we would then have to make a threshold determination concerning the length of the trial delay. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 89. Until a delay is presumptively prejudicial, which means that it "approaches one year in length[,]" there is no need to engage in a constitutional balancing test.

*Id*. at ¶ 89-90. The Grand Jury indicted Mr. Jaeger in October 2016. Mr. Jaeger's trial was nine months later, falling short of the "approach[ing] one year" requirement, even without omitting the continuances granted at Mr. Jaeger's request. *Id*. at ¶ 89. We, therefore, conclude that Mr. Jaeger's constitutional right to a speedy trial was not violated and that the trial court did not err when it denied his motion to dismiss. Mr. Jaeger's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

**The trial court err[ed] when the jury found [Mr. Jaeger] guilty without the greater weight of the evidence.**

{¶11} Mr. Jaeger next argues that there was insufficient evidence to convict him of the offenses. A challenge to the sufficiency of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. Although we conduct a de novo review when considering a sufficiency of the evidence challenge, the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses as those functions belong to the trier of fact. *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7.

{¶12} Mr. Jaeger argues that the State failed to prove that he was involved in all of the offenses. Although he admits to being involved in attempting to break into a gas station before his arrest on October 12, 2016, he argues that there was no evidence connecting him to the other offenses.

{¶13} The State presented video recordings of the incidents from the gas stations' surveillance systems. There were two men during each offense, wearing similar clothing each time. One of the men was acknowledged to be Mr. Jaeger's accomplice. The other man was taller and wore a blue sweatshirt that had the letters "EXP" across the front of it. He also wore gray pants and pointed dress shoes during the offenses. After law enforcement stopped Mr. Jaeger and the accomplice on October 12, 2016, they found a blue sweatshirt with the letters EXP across the front of it on the seat behind where Mr. Jaeger had been sitting. The car also contained gloves, hats, and facial coverings similar to the ones used during the offenses. Mr. Jaeger was wearing gray pants and pointed dress shoes at the time of the stop.

{¶14} According to Mr. Jaeger, because the faces of the offenders were covered, it could have been different individuals wearing the blue sweatshirt and other clothes during each offense. Detective Paul Schismenos testified, however, that he had studied the movements and mannerisms of the person wearing the blue sweatshirt and they were consistent from one incident to the next. The person wearing the blue sweatshirt was also of a consistent height and body shape from incident to incident. He also testified that the two men worked together in the same way during each break-in.

{¶15} The evidence establishing that Mr. Jaeger was involved in all of the offenses is circumstantial, but circumstantial evidence has the same probative value as direct evidence. *Jenks*, 61 Ohio St.3d 259 at paragraph one of the syllabus. Upon review of the record, viewing the evidence in a light most favorable to the prosecution, we conclude that it was sufficient, if believed, to demonstrate beyond a reasonable doubt that Mr. Jaeger was one of the men committing each of the gas station break-ins.

{¶16} Mr. Jaeger also argues that the State failed to prove that he was involved in a criminal enterprise. The jury convicted Mr. Jaeger of engaging in a pattern of corrupt activity under R.C. 2923.32(A)(1). That section provides that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *." "A 'pattern' requires the commission of two or more of the predicate offenses (also referred to as 'incidents of corrupt activity') listed in R.C. 2923.31(I)." *State v. Willan*, 144 Ohio St.3d 94, 2015-Ohio-1475, ¶ 5, quoting R.C. 2923.31(E). The predicate-offense list includes breaking and entering under R.C. 2911.13. R.C. 2923.31(I)(2)(a). "'Enterprise' includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." R.C. 2923.31(C).

{¶17} Mr. Jaeger's argument focuses again on his assertion that he was only involved in one of the offenses. As previously noted, however, there is circumstantial evidence that Mr. Jaeger was one of the two men that committed each breaking and entering offense. Mr. Jaeger also told law enforcement that he could provide the names of all of the individuals involved in the sale of the stolen cigarettes. Upon review of the record, we conclude that there was sufficient evidence that Mr. Jaeger was a member of an enterprise that engaged in a pattern of corrupt activities. Mr. Jaeger's third assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

**The jury verdict is against the manifest weight of the evidence.**

{¶18} Mr. Jaeger also argues that his convictions are against the weight of the evidence. A sufficiency challenge is legally distinct from a manifest weight challenge. *Thompkins*, 78

Ohio St.3d at 387. When applying the manifest weight standard, we are required to consider the whole record, "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction," *Thompkins* at 387.

{¶19} Mr. Jaeger's manifest weight argument is similar to his sufficiency argument. He argues that there was no physical evidence tying him to any of the offenses except the one attempted break-in and that, if he was not involved in the other offenses, he could not be convicted of engaging in a pattern of corrupt activity.

{¶20} On cross-examination, Mr. Jaeger did not challenge Detective Schismenos's testimony that the man wearing the blue sweatshirt had the same height and build in each surveillance video, moved in the same way and had the same mannerisms, or that the two men appeared to work together in the same way during each offense. There were also no other shoes found with Mr. Jaeger at the time of his arrest, which would have been expected if the accomplice had simply recruited different men to wear the same blue sweatshirt, gray pants, and pointed dress shoes outfit during the offenses. Upon review of the record, we cannot say that the jury lost its way and committed a manifest miscarriage of justice when it found that Mr. Jaeger was one of the two men involved in each of the offenses or that he engaged in a pattern of corrupt activity. Mr. Jaeger's second assignment of error is overruled.

III.

{¶21} Mr. Jaeger's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

RICHARD BARBERA, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.