[Cite as *State v. Hennacy*, 2019-Ohio-1332.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CRYSTAL JEAN HENNACY

    Appellant

C.A. Nos.    29115
                 29116

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 2016-07-2258
               CR 2016-11-3936(B)

DECISION AND JOURNAL ENTRY

Dated: April 10, 2019

CARR, Judge.

{¶1}    Defendant-Appellant Crystal Hennacy appeals from the judgments of the Summit County Court of Common Pleas. This Court affirms in part, vacates in part, and remands the matter for proceedings consistent with this opinion.

I.

{¶2}    On July 11, 2016, Hennacy was arrested, and on July 22, 2016, an indictment was filed charging her with having weapons while under disability ("Case A"). On November 30, 2016, an indictment was filed in a separate case charging Hennacy with theft from a person in a protected class ("Case B"). On July 14, 2017, a supplemental indictment was filed in Case B, alleging that Hennacy committed forgery. The trial court proceedings were heard before the same judge.

{¶3} On March 19, 2018, Hennacy filed a motion to dismiss based upon speedy trial rights in both cases. A hearing was held on the motions on May 29, 2018. The trial court denied the motions on June 1, 2018. On June 4, 2018, Hennacy pled no contest to having weapons while under disability in Case A and theft from a person in a protected class in Case B. The forgery charged was dismissed.

{¶4} Hennacy was sentenced to one year in Case A and eight years in Case B. The sentences were ordered to be served consecutively. Hennacy appealed both judgments and the appeals were subsequently consolidated.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT
OVERRULED DEFENDANT'S MOTION TO DISMISS THE INDICTMENTS
ON SPEEDY TRIAL GROUNDS.

{¶5} Hennacy argues in her first assignment of error that the trial court erred in denying her motions to dismiss based upon her speedy trial rights. With respect to Case A, Hennacy maintains that 351 days elapsed for purposes of speedy trial, and 303 days elapsed for Case B. The State asserts that only 211 days were chargeable to the State with respect to Case A, and 192 elapsed in Case B.

{¶6} "When reviewing an appellant's claim that he was denied his right to a speedy trial, an appellate court applies a de novo standard of review." *State Purefoy,* 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 8, citing *State v. Gaines*, 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, ¶ 9. "The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with Ohio and federal constitutional speedy trial

provisions." *Purefoy* at ¶ 8, quoting *Gaines* at ¶ 9, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph one of the syllabus.

{¶7}    R.C. 2945.71(C)(2) states that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."    R.C. 2945.71(E) provides that "[f]or purposes of computing time under [R .C. 2945.71(C)(2) ], each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."[1] "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71 and 2945.72]."  R.C. 2945.73(B).

{¶8}    R.C. 2945.72 provides that the time within which the defendant must be brought to trial can be extended by:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

---

[1] We note that Hennacy has not argued that any of her time should have been triple-counted.  Given her lack of argument on that point, we will proceed under the notion that none of her time was subject to the triple-count provision. *See* App.R. 16(A)(7).

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶9} Hennacy has acknowledged that numerous continuances were granted at her behest. However, Hennacy's calculations fail to account for a few additional timeframes that were properly charged to her.

{¶10} On December 19, 2016, a pretrial was held in both cases. At that time, Hennacy requested a continuance until January 9, 2017. That time period of 21 days was therefore, chargeable to Hennacy. *See* R.C. 2945.72(H). However, on appeal, Hennacy has counted that time against the State.

{¶11} In addition, the record contains an entry filed in both cases which states that, on March 3, 2017, the status conference in the cases was "continued until March 24, 2017 at 9:30 A.M., upon request of the Defendant." Accordingly, those 21 days were also properly charged to Hennacy; yet, on appeal, Hennacy maintains they should be charged to the State. *See* R.C. 2945.72(H).

{¶12} On March 30, 2017, the trial court filed an entry addressing events at a March 24, 2017 hearing. The journal entry provides that "the April 4, 2017 trial in [the cases] shall be continued, upon request of the Defendant, until May 31, 2017[.]" Hennacy acknowledges on appeal that most of this time is properly charged to the defense. Nonetheless, she maintains that May 16, 2017 through May 31, 2017, should be charged to the State. However, Hennacy has not

explained why those 15 days would still not be tolled pursuant to the continuance she requested at the March 24, 2017 pretrial. *See* App.R. 16(A)(7).

{¶13} Finally, a pretrial was held on January 9, 2018 wherein Hennacy requested a continuance of the trial date and to schedule the status conference for a few weeks later. Hennacy's attorney agreed on the record that the continuance "would be charged to us." The next hearing was held February 13, 2018. Despite acknowledging in her brief that the continuance was at her request, Hennacy nevertheless attributes that 35-day span to the State. It was clearly a tolling event. *See* R.C. 2945.72(H). In fact, the journal entry entered concerning the pretrial states that "the trial in [the cases] [is] continued, upon request of the Defendant, until further order of the Court[.]"

{¶14} Even just considering the timeframes discussed above, an additional 92 days should be charged to the defense. Thus, even if we were to agree with Hennacy that all of the other days she has pointed to were in fact properly charged to the State, Hennacy would not have established that the State exceeded the 270-day allotted time. Therefore, Hennacy has not demonstrated on appeal that the trial court erred in denying her motions to dismiss. *See State v. Ford*, 9th Dist. Summit No. 28504, 2017-Ohio-9294, ¶ 10 ("[T]he appellant bears the burden of establishing error on appeal."). If 92 days were subtracted from the totals calculated by Hennacy, the total number of days attributable to the State for both cases would be under 270.

{¶15} In addition, we note that the record contains evidence that suggests Hennacy waived the period of time from December 19, 2016 until April 4, 2017, a period of time that Hennacy has argued is largely chargeable to the State. *See State v. Jaeger*, 9th Dist. Medina No. 17CA0072-M, 2018-Ohio-2994, ¶ 8 ("An accused may waive his right to a speedy trial, so long as the waiver is knowingly and voluntarily made. Such a waiver must be in writing or expressly

made in open court on the record.") (Internal citation omitted.); *see also State v. King*, 70 Ohio St.3d 158, 160 (1994) ("[A] defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel."). At the December 19, 2016 pretrial, the parties were discussing the trial deadline for speedy trial purposes. The prosecutor asked Hennacy's counsel, who also represented Hennacy's husband, when Hennacy's husband was released on bond. Hennacy's counsel stated that he did not know, but stated that "we'll waive time until the next trial date." The next trial date was set for April 4, 2017. While the State did not characterize the above as a waiver at the hearing on the motions to dismiss, the State did maintain at the hearing that the timeframe should be charged to the defense.

{¶16} Given Hennacy's arguments and calculations presented on appeal, we cannot say that Hennacy has demonstrated that the trial court erred in denying her motions to dismiss.

{¶17} Hennacy's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN IMPROPERLY SENTENCING THE DEFENDANT FOR HAVING WEAPONS WHILE UNDER A DISABILITY.

{¶18} Hennacy argues in her second assignment of error that the trial court improperly sentenced her on the having weapons while under disability charge. Specifically, Hennacy asserts that a sentence of 1 year was not authorized; instead, she asserts that the trial court could only sentence her to 9, 12, 18, 24, 30, or 36 months. *See* R.C. 2929.14(A)(3)(b).

{¶19} "In reviewing a felony sentence, [t]he appellate court's standard for review is not whether the sentencing court abused its discretion." (Internal quotations omitted.) *State v. Boatright*, 9th Dist. Summit No. 28101, 2017-Ohio-5794, ¶ 44, quoting *State v. Howard*, 9th Dist. Lorain No. 15CA010857, 2016-Ohio-7077, ¶ 5, quoting R.C. 2953.08(G)(2). "[A]n

appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law." (Internal quotations omitted.) *Boatright* at ¶ 44, quoting *Howard* at ¶ 5, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal quotations and citations omitted.) *Boatright* at ¶ 44, quoting *Howard* at ¶ 5.

{¶20} Hennacy challenges her conviction for having weapons while under disability, a third degree felony. *See* R.C. 2923.13(B). Pursuant to R.C. 2929.14(A)(3)(b), Hennacy was subject to a prison sentence of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Here, the trial court sentenced her to one year in prison. Hennacy asserts that because the trial court did not impose its sentence in months, as specified in the statute, the trial court erred.

{¶21} It is common knowledge that one year is equivalent to twelve months; courts have found sentences to be within the appropriate range if the sentence was stated in years instead of the equivalent in months. *See State v. Cowdrey,* 6th Dist. Sandusky No. S-17-016, 2018-Ohio-1959, ¶ 37 ("R.C. 2929.14 establishes that for fifth-degree felonies the potential period of incarceration is, '[s]ix, seven, eight, nine, 10, 11, or 12 months.' Appellant was sentenced to a lawful one-year term of incarceration."); *State v. Knott,* 7th Dist. Belmont No. 16 BE 0062, 2017-Ohio-9401, ¶ 13 ("It is also worth noting that, pursuant to R.C. 2929.14(A)(3)(b), a prison term for a felony of the third degree shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. As appellant's sentence was for three years of incarceration, or thirty-six months, the trial court's sentence was not contrary to law."); *State v. Barrera,* 3d Dist. Putnam No. 12-12-01, 2012-Ohio-3196, ¶ 21 ("[T]he trial court could sentence Barrera to a prison term of

twelve, eighteen, twenty-four, thirty-six, forty-two, forty-eight, fifty-four, or sixty months. R.C. 2929.14(3)(a). Barrera's sentence of three years imprisonment, the equivalent of thirty-six months, is within the statutory range and not the maximum sentence that she could have received for the offense."); *State v. Torres*, 11th Dist. Lake No. 2006-L-116, 2007-Ohio-3023, ¶ 32 ("Appellant was sentenced to one year for his fifth degree felony offense, within the range of six to twelve months.") Hennacy has not pointed to any case that has found a sentence of one year contrary to law when the trial court was authorized to impose a sentence of twelve months. *See* App.R. 16(A)(7). Moreover, R.C. 1.44(B) defines a "[y]ear" as "twelve consecutive months." Hennacy has not convinced us that her one year sentence was contrary to law.

**{¶22}** Hennacy additionally argues that, merely because the trial court issued the sentence in years, it may not have realized that it could have sentenced her to only 9 months. Hennacy's argument is pure speculation. Nothing in the record suggests that the trial court had an incorrect understanding of the penalties it lawfully could impose.

**{¶23}** Hennacy's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED THE DEFENDANT WITHOUT PROPERLY GIVING HER ALL THE REQUIRED NOTIFICATIONS CONCERNING POST-RELEASE CONTROL.

**{¶24}** Hennacy argues in her third assignment of error that the trial court failed to give her all of the required advisements concerning post-release control at the time of sentencing. The State has conceded the error. We agree.

**{¶25}** "It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.'" *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v.*

*Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23.  As part of that duty, "at the sentencing hearing, the court must notify the offender that if he or she 'violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.'"  *Grimes* at ¶ 23, quoting R.C. 2929.19(B)(2)(e); *see also State v. West*, 9th Dist. Summit No. 28051, 2016-Ohio-5694, ¶ 6.

{¶26}  Here, while the trial court notified Hennacy of the applicable terms of post-release control, the trial court did not notify her of the possible consequences should she violate the conditions of her post-release control.  "The Ohio Supreme Court has held that when a trial court fails to properly impose post-release control, that portion of its sentence is void and 'only the offending portion of the sentence is subject to review and correction.'"  *West* at ¶ 6, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27.  Accordingly, the portion of Hennacy's sentences which failed to properly impose post-release control are vacated and Hennacy is entitled to a new sentencing hearing limited to the proper imposition of post-release control.  *See West* at ¶ 6.

{¶27}  Hennacy's third assignment of error is sustained.

III.

{¶28}  Hennacy's first and second assignments of error are overruled.  Hennacy's third assignment of error is sustained.  The matter is remanded for the narrow purpose of a new sentencing hearing limited to the proper imposition of post-release control.

Judgment affirmed in part,
vacated in part,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.