[Cite as *State v. Mills*, 2021-Ohio-52.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

PHIL D. MILLS

    Appellant

C.A. No.     28954

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 16 08 2784

DECISION AND JOURNAL ENTRY

Dated: January 13, 2021

---

HENSAL, Judge.

{¶1}    Phil Mills moved to reopen his appeal from his convictions from the Summit County Court of Common Pleas. This Court granted his application, and this matter is now before us for decision. For the reasons that follow, we affirm in part, reverse in part, and remand the matter for a limited resentencing.

I.

{¶2}    In *State v. Graves*, this Court explained our obligations in a reopened appeal as follows:

> Under Rule 26(B)(9) of the Ohio Rules of Appellate Procedure, "[i]f th[is] [C]ourt finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, [it] shall vacate its prior judgment and enter the appropriate judgment. If th[is][C]ourt does not so find, [it] shall issue an order confirming its prior judgment." Deficient performance by a lawyer is a performance that falls below an objective standard of reasonable representation. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, at ¶ 204 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). A defendant is prejudiced by the deficiency if there is a reasonable probability that, but for his lawyer's errors, the result of the proceeding would have been different. *Id.* (citing *Strickland v.*

*Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

(Alterations sic.) 9th Dist. Lorain No. 08CA009397, 2011-Ohio-5997, ¶ 9. With those obligations in mind, we now turn to the relevant facts and procedural history of this case.

{¶3}   Much of the factual history of this case is not relevant for purposes of this appeal. What is relevant is that an armed intruder broke into the victim's home on July 29, 2010, and that the case went cold until 2011 when the police received a CODIS hit, indicating a possible DNA match with Mr. Mills. *State v. Mills*, 9th Dist. Summit No. 28954, 2019-Ohio-774, ¶ 2, 5. The police obtained a DNA sample from Mr. Mills in 2016, which matched the DNA found on items discovered near the victim's home. *Id.* at ¶ 5.

{¶4}   The record reflects that Mr. Mills was arrested on August 16, 2016, and that a grand jury issued an indictment on August 26, 2016, charging Mr. Mills with one count of aggravated burglary with an accompanying firearm specification, one count of aggravated robbery with an accompanying firearm specification, and one count of having weapons while under disability. *Id.* at ¶ 6. Mr. Mills pleaded not guilty and the matter proceeded to a jury trial. *Id.*

{¶5}   At trial, defense counsel stipulated that Mr. Mills had previously been convicted of a felony-drug offense for purposes of having weapons while under disability. *Id.* at ¶ 9. The jury ultimately found him guilty, and Mr. Mills appealed. *Id.* at ¶ 10.

{¶6}   In his direct appeal, Mr. Mills raised two assignments of error, asserting that: (1) the jury's verdict was against the manifest weight of the evidence; and (2) his trial counsel provided ineffective assistance. This Court held that Mr. Mills failed to establish that his convictions were against the manifest weight of the evidence, and that he failed to establish that he suffered prejudice as a result of his trial counsel's actions. *Id.* at ¶ 16, 19. We, therefore, overruled both assignments of error. Mr. Mills moved for reconsideration, which this Court denied. Mr. Mills also moved for

reopening on the basis that his prior appellate counsel rendered ineffective assistance. This Court granted his application. In his reopened appeal, Mr. Mills has raised two assignments of error and, pursuant to Appellate Rule 26(B)(7), has addressed the claim that his prior appellate counsel rendered ineffective assistance.

II.

ASSIGNMENT OF ERROR I

APPELLANT WAS PREJUDICED BY THE FAILURE OF APPELLATE COUNSEL TO ASSIGN AS ERROR THAT TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO FILE A MOTION TO DISMISS COUNT 3, HAVING WEAPONS WHILE UNDER DISABILITY, WHEN THE SIX-YEAR STATUTE OF LIMITATIONS PERIOD HAD EXPIRED PRIOR TO THE FILING OF THE INDICTMENT.

{¶7} In his first assignment of error, Mr. Mills argues that his trial counsel rendered ineffective assistance by not moving to dismiss the weapons-while-under-disability count based upon the expiration of the statute of limitations, and that his prior appellate counsel rendered ineffective assistance by failing to assign his trial counsel's failure in this regard as an error on appeal. This Court disagrees.

{¶8} Mr. Mills was charged and convicted of having weapons while under disability pursuant to Revised Code Section 2923.13(A)(3). That offense is a third-degree felony and must be prosecuted within six years after the offense is committed. R.C. 2923.13(B); R.C. 2901.13(A)(1)(a). Section 2901.13(G), however, provides that "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." "The corpus delicti of a crime is the body or substance of the crime and usually has two elements: (1) the act itself and (2) the criminal agency of the act." *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, paragraph one of the syllabus. "For example, when the offense is homicide, the corpus delicti 'involves two elements, *i.e.,* (1) the fact of death and (2) the existence of the criminal agency of another as the

cause of death.'" *Id.* at ¶ 23, quoting *State v. Van Hook*, 39 Ohio St.3d 256, 261 (1988). "The purpose of the corpus delicti is simply to establish that the crime occurred." *State v. Smith*, 9th Dist. Wayne Nos. 01CA0039, 01CA0055, 2002-Ohio-4402, ¶ 10, citing *Van Hook* at 262. It is discovered when a competent person other than the wrongdoer, or someone equally at fault, has knowledge of both the act and its criminal nature. *State v. McLaughlin*, 109 Ohio App.3d 868, 871 (9th Dist.1996), citing *State v. Hensley*, 59 Ohio St.3d 136, 138 (1991).

{¶9} Mr. Mills asserts that the statute of limitations for the weapons-while-under-disability count expired on July 10, 2016, six years after the offense was committed,[1] and that none of the tolling provisions under Section 2901.13(H) apply. In response, the State argues that, because the corpus delicti of having weapons while under disability was not discovered until DNA tests on items discovered at the scene matched to Mr. Mills through the CODIS hit in 2011, the statute of limitations did not expire until 2017.

{¶10} As previously noted, the police became aware of Mr. Mills's identity through a CODIS hit in 2011, which indicated a possible match of his DNA to the DNA obtained from items discovered near the victim's home. While the State knew that the intruder who broke into the victim's home had possessed a firearm, without knowing the identity of the intruder, the State had no way of knowing the criminal nature of that act (i.e., that the intruder was under a disability). Stated differently, under these facts, only when the police learned of the intruder's identity could the State have become aware of the criminal nature of Mr. Mills's act of possessing a firearm. The corpus delicti of the weapons-while-under-disability crime, therefore, was not discovered until 2011, giving the State until 2017 to prosecute Mr. Mills for that crime. *See* R.C. 2901.13(A)(1)(a); R.C. 2901.13(G). Because the State prosecuted Mr. Mills in 2016, we reject his argument that the

---

[1] The record reflects that the offense was committed on July 29, 2010.

statute of limitations had expired, as well as his ineffective-assistance arguments that stem therefrom. Mr. Mills's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT WAS PREJUDICED BY THE FAILURE OF APPELLATE COUNSEL TO ASSIGN AS ERROR THAT TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT AT THE SENTENCING HEARING BY NOT REQUIRING THE TRIAL COURT TO PROPERLY GIVE THE APPELLANT ALL THE REQUIRED NOTIFICATIONS CONCERNING POST-RELEASE CONTROL.

{¶11} In his second assignment of error, Mr. Mills argues that the trial court failed to properly advise him regarding the terms of his post-release control, that his trial counsel rendered ineffective assistance by not raising this issue at the sentencing hearing, and that his prior appellate counsel rendered ineffective assistance by failing to assign his trial counsel's failure in this regard as an error on appeal. More specifically, Mr. Mills asserts that the trial court failed to advise him that if he violated his post-release control, the parole board may impose a prison term of up to one-half of the prison term originally imposed on him. He, therefore, concludes that his prior appellate counsel rendered ineffective assistance, and that he is entitled to a new sentencing hearing so that the trial court can properly advise him of the terms of his post-release control.

{¶12} The State concedes this error on appeal, and this Court's review of the record likewise indicates that the trial court did not properly advise Mr. Mills regarding his post-release control. As this Court has stated:

> "It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.'" *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. As part of that duty, "at the sentencing hearing, the court must notify the offender that if he or she 'violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.'" *Grimes* at ¶ 23, quoting R.C. 2929.19(B)(2)(e); *see also State v. West*, 9th Dist. Summit No. 28051, 2016-Ohio-5694, ¶ 6.

*State v. Hennacy*, 9th Dist. Summit Nos. 29115, 29116, 2019-Ohio-1332, ¶ 25.

{¶13} "When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 4. Because the trial court did not properly impose post-release control, that part of Mr. Mills's sentence is set aside, and Mr. Mills is entitled to a new sentencing hearing limited to the proper imposition of post-release control. Mr. Mills's second assignment of error sustained.

III.

{¶14} Mr. Mills's first assignment of error is overruled. Mr. Mills's second assignment of error is sustained. The matter is reversed in part, and remanded for the trial court to conduct a new sentencing hearing limited to the proper imposition of post-release control. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and cause remanded.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
JENNIFER HENSAL
FOR THE COURT


SCHAFER, J.
CONCUR.

CARR, P. J.
DISSENTING.

{¶15}  I respectfully dissent from the judgment of the majority as I would give the parties the opportunity to brief the issue of whether the Supreme Court of Ohio's decision in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, impacts the outcome of this case.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.