[Cite as *State v. Jaeger*, 2022-Ohio-2183.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
| --- | --- |
| STATE OF OHIO | C.A. No. 20CA0053-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ENOCH JAEGER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16-CR-0624 |

DECISION AND JOURNAL ENTRY

Dated: June 27, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant, Enoch Jaeger, appeals the judgment of the Medina County Court of Common Pleas denying his petition for postconviction relief. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} In *State v. Jaeger*, 9th Dist. Medina No. 17CA0072-M, 2018-Ohio-2994, ¶ 2-4, this Court stated as follows:

In September and October 2016, there were a series of breaking and entering offenses committed at gas station convenience stores in Medina County. During each offense, two men would use a large rock or block of concrete to smash open the glass door of the store then enter it carrying large garbage cans. Once inside, they quickly collected cartons of cigarettes inside the garbage cans then exited less than a minute later.

On October 12, 2016, Mr. Jaeger and an accomplice attempted to commit a similar offense. The gas station they targeted, however, had been the site of one of the earlier offenses and had modified its front door in response. The men, therefore,

were unable to break through the door. As they were driving away from the gas station in the accomplice's car, they were stopped by a sheriff's deputy for having only one operating headlight. The deputy determined that there were arrest warrants out for both Mr. Jaeger and the accomplice, so he took them into custody. During a search of the car, law enforcement found clothing that matched the clothing worn by the perpetrators of each of the gas station break-ins. They also found two garbage cans and a large rock in the trunk of the car. Mr. Jaeger later told a detective that he had knowledge of the workings of the entire operation and that, in exchange for immunity, he could tell the detective the identities of all of the individuals involved in the offenses, as well as those involved in transporting and selling the stolen cigarettes.

The Grand Jury indicted Mr. Jaeger for one count of vandalism, four counts of breaking and entering, three counts of theft, and one count of engaging in a pattern of corrupt activity. Following a number of continuances of the trial date, a jury found him guilty of the offenses. The trial court sentenced Mr. Jaeger to five years imprisonment.

Mr. Jaeger filed a direct appeal of his sentence and convictions with the assistance of newly appointed appellate counsel. In so doing, Mr. Jaeger raised three assignments of error for this Court's review regarding alleged speedy trial violations, sufficiency of the evidence and manifest weight of the evidence. Finding no error, however, this Court affirmed. *Jaeger* at ¶ 21.

### Mr. Jaeger's Petition for Postconviction Relief

{¶3} In his petition for postconviction relief, along with the supplemental filings, Mr. Jaeger alleged forty-two claims relating to his arrest, bail, pre-trial proceedings, jury selection, trial, post-trial proceedings, and appeal.[1] Specifically, Mr. Jaeger took issue with actions of the police, State, trial court, and this Court, as well as with the effectiveness of his trial and appellate counsel. Mr. Jaeger supported his petition for postconviction relief with his own affidavit.

---

[1] Mr. Jaeger's postconviction filing, which is the subject of this appeal, was styled as a petition to vacate or set aside judgment of conviction or sentence. Mr. Jaeger also filed several other motions in the trial court, and this Court, relating to his criminal case, including: (1) a motion for new trial; (2) a motion for summary judgment; and (3) a motion to reopen his direct appeal pursuant to App.R. 26(B). All of Mr. Jaeger's motions were denied.

{¶4} The State opposed Mr. Jaeger's petition and argued for its dismissal, without a hearing, based upon the doctrine of *res judicata* and because Mr. Jaeger failed to "set forth sufficient operative facts to establish substantive grounds for relief." Further, the State asserted Mr. Jaeger's arguments regarding ineffective assistance of appellate counsel cannot be properly brought in a petition for postconviction relief.

{¶5} In dismissing Mr. Jaeger's petition for postconviction relief without a hearing and disposing of all his alleged claims, the trial court relied upon the doctrine of *res judicata*. In so doing, the trial court noted a majority of Mr. Jaeger's claims were barred by *res judicata* because he could have raised them in the trial court or on direct appeal, without reliance upon evidence outside the record. The trial court further indicated Mr. Jaeger's speedy trial, sufficiency and manifest weight claims were also barred by the doctrine of *res judicata* because they were addressed in Mr. Jaeger's direct appeal. Lastly, the trial court found Mr. Jaeger's "self-serving affidavit [did] not contain *sufficient* operative facts to support his claims[,]" and "[did] not meet the threshold standard of cogency to advance [Mr.] Jaeger's claims." (Emphasis in original.)

{¶6} Mr. Jaeger now appeals raising four assignments of error for our review. We consolidate certain assignments of error to assist in our analysis.

II.

**ASSIGNMENT OF ERROR I**

**THE COURT ERRED WHEN IT DETERMINED THAT RES JUDICATA APPLIED TO [MR.] JAEGER'S CLAIMS.**

{¶7} In his first assignment of error, Mr. Jaeger argues the trial court erred in dismissing his petition for postconviction relief based upon the doctrine of *res judicata*. We disagree.

{¶8} "A postconviction proceeding is a collateral civil attack on a criminal conviction." *State v. Phillips*, 9th Dist. Summit No. 20692, 2002 WL 274637, *2 (Feb. 27, 2002), citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). R.C. 2953.21(A)(1)(a)(i) permits anyone convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief[.]" The petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b).

{¶9} Indeed, "[t]he postconviction relief process is not itself a constitutional right" and petitioners receive no more rights than those granted by the statute. *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 7, citing *Calhoun* at 281. A petitioner seeking postconviction relief is not automatically entitled to a hearing. *Phillips* at *6, citing *Calhoun* at 282. "The trial court serves a gatekeeping function in postconviction relief cases-it determines whether the petitioner will even receive a hearing." *Wesson* at ¶ 9, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51.

{¶10} Further, a petition for postconviction relief may be properly dismissed without a hearing on the basis of *res judicata*. *State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 14. Pursuant to the doctrine of *res judicata*:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶11}  In order to avoid the preclusive effect of *res judicata*, postconviction relief claims must be "based on evidence outside of the original record that existed during direct appellate proceedings."  *State v. Bulls*, 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9.  Nevertheless, "[p]resenting evidence outside the record does not automatically defeat the doctrine of *res judicata*."  *State v. Stallings*, 9th Dist. Summit No. 19620, 2000 WL 422423, *1 (Apr. 19, 2000).  The evidence "'must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]'"  *Id.*, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 WL 74756, *7 (Mar. 17, 1993).  The evidence outside the record must also "demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record."  *Id.*

{¶12}  Based upon this record, Mr. Jaeger *could* have raised his postconviction claims on direct appeal, but failed to do so.  Further, Mr. Jaeger's affidavit, which did not actually contain any outside evidence, did not "demonstrate that the claims advanced in the petition for postconviction relief could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record."  *Id.*  Therefore, the trial court did not abuse its discretion in dismissing Mr. Jaeger's petition for postconviction relief based upon the doctrine of *res judicata*.

{¶13}  Accordingly, Mr. Jaeger's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**[MR.] JAEGER IS ENTITLED TO A COMPLETE TRANSCRIPT OF PROCEEDINGS ON DIRECT APPEAL AND PETITION FOR POST-CONVICTION RELIEF; AND CANNOT PRESENT AN ADEQUATE**

**DIRECT APPEAL OR PETITION FOR POST-CONVICTION RELIEF ABSENT A COMPLETE TRANSCRIPT.**

### ASSIGNMENT OF ERROR III

**[MR.] JAEGER'S APPELLATE COUNSEL WAS INEFFECTIVE FOR, INCLUDING BUT LIMITED TO, NOT OBTAINING A COMPLETE TRANSCRIPT AND/OR RECORD FOR DIRECT APPEAL.**

### ASSIGNMENT OF ERROR IV

**THE COURT ABUSED ITS DISCRETION BY [WITHHOLDING] A COMPLETE TRANSCRIPT, AND CAUSED [MR.] JAEGER TO BE PREJUDICED, THEREBY MATERIALLY AFFECTING HIS SUBSTANTIAL CONSTITUTIONAL RIGHTS, INCLUDING[,] BUT NOT LIMITED TO[,] THE 1ST, 5TH, AND 14TH.**

{¶14} In his second, third, and fourth assignments of error, Mr. Jaeger argues his appellate counsel was ineffective for failing to raise certain issues in his direct appeal including the denial of an oral motion for new trial without a hearing, and the ineffective assistance of trial counsel for failing to request the preparation of the July 24, 2017 pre-trial hearing transcript in order to provide a complete record on appeal.

{¶15} According to *State v. Murnahan*, 63 Ohio St.3d 60 (1992), paragraph one of the syllabus, "[c]laims of ineffective assistance of appellate counsel are not cognizable in [postconviction] proceedings pursuant to R.C. 2953.21." Thus, because Mr. Jaeger's second, third, and fourth assignments of error relate to claims of ineffective assistance of appellate counsel and/or issues regarding the direct appeal, which are not cognizable in R.C. 2953.21 postconviction proceedings, this Court declines to analyze and reach the merits of these arguments.

{¶16} Accordingly, Mr. Jaeger's second, third, and fourth assignments of error are overruled.

III.

**{¶17}** Mr. Jaeger's assignments of error are overruled and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ENOCH JAEGER, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.