[Cite as *State v. Heinzen*, 2022-Ohio-1341.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-65 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-253B |
| | : | |
| CAITLYN HEINZEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2022.

. . . . . . . . . . .

IAN RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, P.O. Box 145, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Caitlyn Heinzen, appeals from her conviction in the Clark County Court of Common Pleas after she pled guilty to one count of attempted involuntary manslaughter. In support of her appeal, Heinzen argues that her guilty plea was not knowingly, intelligently, and voluntarily entered because the State and the trial court misinformed her of the nature of the charge to which she was pleading guilty. Specifically, Heinzen claims that the trial court and the State misadvised her of the elements of attempted involuntary manslaughter at the plea hearing. Heinzen also claims that the sentence imposed by the trial court is contrary to law because the trial court failed to: (1) fully consider the seriousness and recidivism factors under R.C. 2929.12 before it sentenced her to the maximum term of eight years in prison; and (2) fully advise her of the consequences for violating post-release control at the sentencing hearing. For the reasons outlined below, the judgment of the trial court will be affirmed in part and reversed in part, and the matter will be remanded to the trial court for the sole purpose of resentencing Heinzen to post-release control.

## Facts and Course of Proceedings

{¶ 2} On April 22, 2019, Heinzen and Brandon Beedy were each indicted on charges of involuntary manslaughter and endangering children. The charges stemmed from Heinzen and Beedy leaving their 21-month-old son unattended in his crib for over 24 hours without feeding or changing him, causing the child to suffer from severe dehydration, which resulted in his death. Following the indictment, Heinzen accepted a

plea agreement whereby she agreed to plead guilty to an amended charge of attempted involuntary manslaughter, a second-degree felony. In exchange for Heinzen's guilty plea, the State agreed to dismiss the charge for endangering children. The parties also agreed that Heinzen would testify against Beedy if he proceeded to trial and that a presentence investigation ("PSI") would be conducted prior to Heinzen's sentencing hearing.

{¶ 3} After being advised of the plea agreement, the trial court conducted a Crim.R. 11 plea colloquy and accepted Heinzen's guilty plea. The trial court then ordered a PSI and scheduled Heinzen's sentencing hearing for September 5, 2019. During the sentencing hearing, the trial court sentenced Heinzen to serve the maximum possible term of eight years in prison. The trial court also notified Heinzen that following her release from prison, she would be placed on mandatory post-release control for three years. Heinzen thereafter appealed from her conviction.

{¶ 4} In proceeding with the appeal, Heinzen's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any issues with arguable merit for appeal. On November 17, 2020, we rejected the *Anders* brief due to there being an incomplete record, and thus appointed new counsel to represent Heinzen. Heinzen's new appellate counsel thereafter filed a second *Anders* brief, which we rejected on July 7, 2021, after finding at least one issue with arguable merit for appeal. After the second *Anders* rejection, we once again appointed new appellate counsel to represent Heinzen and ordered that counsel to file a brief addressing the issue we identified, as well as any other issues that

counsel deemed appropriate. Heinzen's counsel thereafter filed an appellate brief asserting two assignments of error for review.

**First Assignment of Error**

{¶ 5} Under her first assignment of error, Heinzen claims that her guilty plea to attempted involuntary manslaughter was not knowingly, intelligently, and voluntarily entered. In support of this claim, Heinzen contends that the trial court and the State provided misinformation at the plea hearing regarding the nature of the attempted involuntary manslaughter charge. Specifically, Heinzen claims that the trial court recited the elements of involuntary manslaughter as opposed to *attempted* involuntary manslaughter. Heinzen also claims that the State's recitation of facts at the plea hearing did not describe attempted involuntary manslaughter, but involuntary manslaughter.[1] Based on this alleged misinformation, Heinzen asks this court to vacate her guilty plea.

*Crim.R. 11(C) and the Vacation of Guilty Pleas*

{¶ 6} "In determining whether to accept a guilty plea, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily entered the plea." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13, citing *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988). "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *Id.*

---

[1] Heinzen's appellate brief occasionally references "voluntary manslaughter," but based on the context of Heinzen's argument, we presume this was a clerical error and that Heinzen actually meant "involuntary manslaughter."

Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea to a felony offense without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 7} A defendant is generally "not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). There are, however, two exceptions to this rule. *Id.* at ¶ 14-16. The first exception concerns the

constitutional rights advisement under Crim.R. 11(C)(2)(c). "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 8} The second exception applies when a trial court completely fails to comply with a portion of Crim.R. 11(C), as this also "eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from these two exceptions, * * * a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *Nero* at 108. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108.

*Understanding Nature of Charge – Crim.R. 11(C)(2)(a)*

{¶ 9} As noted above, Crim.R. 11(C)(2)(a) requires the trial court to, among other things, determine that the defendant understands the nature of the charge to which he or she is pleading guilty. This court has stated the following with regard to this requirement:

> "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant

if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court."

*State v. Ferrell*, 2d Dist. Clark No. 1997-CA-114, 1998 WL 735920, \*3 (Oct. 23, 1998), quoting *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982). *Accord State v. Reeves*, 2d Dist. Greene No. 2002-CA-9, 2002-Ohio-4810, ¶ 19 and *State v. Peyton*, 2d Dist. Greene No. 2016-CA-41, 2017-Ohio-8253, ¶ 10.

{¶ 10} In *State v. Frazier*, 10th Dist. Franklin No. 05AP-425, 2006-Ohio-1475, the Tenth District Court of Appeals held that the totality of the circumstances established the appellant understood the nature of the charge to which he pled guilty where the appellant pled guilty to a lesser-included offense of the original charge in the indictment. The court explained that: "[w]here a defendant pleads guilty to a lesser-included offense of the crime for which he was originally charged, such that the elements of the two crimes are similar, it is not difficult to find circumstances that would demonstrate the appropriate understanding." *Id.* at ¶ 7, citing *Rainey* at paragraph two of the syllabus and *State v. Cantrell*, 10th Dist. Franklin No. 01AP-818, 2002-Ohio-1353.

{¶ 11} When discussing the totality of the circumstances, the court in *Frazier* considered the fact that the appellant had signed a guilty plea form that identified the charge to which he pled guilty and stated that he had reviewed the facts and law of his

case with counsel. The court also considered the fact that the appellant was present for the prosecutor's recitation of facts at the plea hearing, which included a description of the offense to which he pled guilty. *Id.* at ¶ 8, citing *State v. Floyd*, 10th Dist. Franklin No. 87AP-808, 1988 WL 76139 (July 21, 1988) (finding no confusion as to the nature of charge where defendant signed a guilty plea form, discussed the charge with his counsel, and was present for prosecutor's statement of facts). The court in *Frazier* further considered that defense counsel did not object to the State's recitation of facts at the plea hearing or express any concern regarding the appellant's understanding of the nature of the charge. *Id.* For all these reasons, the court found the totality of the circumstances indicated that appellant understood the nature of the charge when the trial court accepted his guilty plea. *Id.*

*Totality of Circumstances Establish Heinzen Understood Nature of Charge*

{¶ 12} In this case, the totality of the circumstances establish that Heinzen understood the nature of the attempted involuntary manslaughter charge to which she pled guilty. At the beginning of the plea hearing, the State recited the facts it was relying on to prosecute Heinzen by stating the following:

> [O]n or about January 12, 2019, Caitlyn Heinzen and Brandon Beedy did create a substantial risk of harm to their baby, a 20-month old child, Camdon Beedy, by violating a duty of care, protection, or support to him that did cause his death as a result.
>
> Specifically, the defendant did leave their child unattended in a crib

in their home at 1991 Kenton Street in Clark County, Ohio, where they omitted the care for him from an unjustifiable extended period of time causing him to die from dehydration.

Plea Hearing Trans. (Aug. 16, 2019), p. 3.

{¶ 13} Following the State's recitation of facts, Heinzen confirmed that she understood the recited facts and the nature of the case. Heinzen also confirmed that she had reviewed the written plea form with her attorney, signed the plea form, and understood its contents. The contents of the plea form indicated that Heinzen was pleading guilty to "attempted involuntary manslaughter." Plea Form (Aug. 16, 2019). The plea form also included the following statement: "I understand the nature of these charges and the possible defenses I might have." *Id.*

{¶ 14} After discussing the plea form, Heinzen acknowledged her understanding of the State's plea offer. When addressing the plea offer, the trial court advised Heinzen that in exchange for her guilty plea to attempted involuntary manslaughter, the State agreed to dismiss the child endangering charge and to reduce the original charge of involuntary manslaughter, a first-degree felony, to attempted involuntary manslaughter, a second-degree felony. Shortly thereafter, the trial court recited the elements of involuntary manslaughter under R.C. 2903.04 in the following manner: "on or about January the 12th of 2019, at Clark County, Ohio, [Heinzen] did cause the death of another as a proximate result of committing or attempting to commit the felony offense of child endangering." Plea Hearing Trans., p. 6-7. After the trial court explained the elements of involuntary manslaughter and the underlying offense of child endangering, Heinzen

indicated that she understood the State would be required to prove those elements if the matter went to trial. *Id.* at 7.

{¶ 15} Although the trial court did not discuss the attempt portion of attempted involuntary manslaughter, which is defined under R.C. 2923.02, Heinzen has failed to argue let alone establish that she was prejudiced by that omission, i.e., that she would not have entered her guilty plea but for the trial court's failure to address the attempt portion of the offense. Such a showing of prejudice is required since the trial court did not completely fail to comply with the understanding-nature-of-charge component in Crim.R. 11(C)(2)(a). Furthermore, "it is not always necessary that the trial court advise the defendant of the elements of the crime * * * so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." *Ferrell*, 2d Dist. Clark No. 1997-CA-114, 1998 WL 735920, at *3, quoting *Rainey*, 3 Ohio App.3d 441 at 442, 446 N.E.2d 188.

{¶ 16} Here, it was made clear to Heinzen at the plea hearing and in the plea form that she was pleading guilty to attempted involuntary manslaughter—not involuntary manslaughter. Heinzen's plea form, which Heinzen indicated she understood and went over with her attorney, not only identified the charge as attempted involuntary manslaughter, but it also contained a statement confirming her understanding of that charge. Moreover, the trial court discussed the plea agreement with Heinzen at the plea hearing and explained that the State had agreed to reduce Heinzen's original first-degree-felony charge of involuntary manslaughter to second-degree-felony attempted involuntary manslaughter. The trial court also recited the elements of involuntary manslaughter at

the plea hearing—elements that are no different from attempted involuntary manslaughter, save for the attempt portion of the offense. Furthermore, at no point during the proceedings did Heinzen or her counsel object to the State's recitation of facts or indicate that Heinzen was confused about the nature of the charge to which she was pleading guilty. Therefore, based on the totality of these circumstances, we find that Heinzen understood the nature of the attempted involuntary manslaughter charge when the trial court accepted her guilty plea.

{¶ 17} Heinzen's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 18} Under her second assignment of error, Heinzen argues that the sentence imposed by the trial court is contrary to law because the trial court failed to: (1) fully consider the seriousness and recidivism factors under R.C. 2929.12 before it sentenced her to the maximum term of eight years in prison; and (2) fully advise her of the consequences for violating post-release control at the sentencing hearing.

{¶ 19} When reviewing felony sentences, this court must apply the standard of review contained in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 8-9. Pursuant to that statute, "an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 41, quoting R.C.

2953.08(G)(2). Because the trial court was not required to make any of the specified findings listed under R.C. 2953.08(G)(2), we need only consider whether Heinzen's sentence is clearly and convincingly contrary to law.

{¶ 20} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.' " *State v. Grieco*, 2d Dist. Montgomery No. 28542, 2020-Ohio-6956, ¶ 21, quoting *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8; *State v. Haddad*, 10th Dist. Franklin Nos. 16AP-459, 16AP-464, 2017-Ohio-1290, ¶ 19, citing *State v. Gore*, 10th Dist. Franklin No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 21} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). A defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglects to mention those statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014-CA-5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 2009-CA-28, 2010-Ohio-2138, ¶ 43.

{¶ 22} In this case, the record establishes that the trial court expressly stated in its

sentencing entry that it had considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Judgment Entry of Conviction (Sept. 5, 2019), p. 1. The record also establishes that the eight-year prison sentence imposed by the trial court was within the authorized statutory range for second-degree felonies. *See* R.C. 2929.14(A)(2)(b). We note that because Heinzen's offense was committed prior to March 22, 2019 (the effective date of S.B. 201, i.e., "The Reagan Tokes Law"), Heinzen was not subject to an indefinite prison term.

**{¶ 23}** Because the trial court considered the criteria under R.C. 2929.11 and R.C. 2929.12, and imposed a sentence that was within the authorized statutory range for second-degree felonies, we do not clearly and convincingly find that Heinzen's eight-year prison sentence is contrary to law. This ends our inquiry regarding Heinzen's prison sentence, as we no longer analyze whether sentences imposed solely after considering the criteria under R.C. 2929.11 and R.C. 2929.12 are unsupported by the record. We simply must determine whether those sentences are contrary to law. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 242.

**{¶ 24}** Although the trial court's decision to sentence Heinzen to the maximum term of eight-years in prison is not contrary to law, the State concedes and the record establishes that the trial court failed to fully inform Heinzen about post-release control at the sentencing hearing. "It is settled that 'a trial court has a statutory duty to provide notice of post[-]release control at the sentencing hearing' and that 'any sentence imposed

without such notification is contrary to law.' "  *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds, State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.  *Accord State v. Bates*, Ohio Slip Opinion No. 2022-Ohio-475, __ N.E.3d __, ¶ 11.

{¶ 25} Per its statutory duty, "[t]he trial court must advise the offender at the sentencing hearing of the term of [post-release control] supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control."  *Bates* at ¶ 11, citing *Grimes* at ¶ 11.  *Accord State v. Hall*, 2d Dist. Montgomery No. 28882, 2021-Ohio-1894, ¶ 13.  "Among other consequences, an offender's violation of a postrelease-control sanction or condition may result in the [Adult Parole Authority's] imposing a prison term on the offender."  *Bates* at ¶ 11, citing R.C. 2967.28(F)(3). "However, the maximum cumulative prison term for all violations under R.C. 2967.28(F)(3) 'shall not exceed one-half' of the stated prison term originally imposed." *Id.*    Therefore, "at the sentencing hearing, the court must notify the offender that if he or she 'violates [post-release control] * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.' "   *Grimes* at ¶ 9, quoting former R.C. 2929.19(B)(2)(e); R.C. 2929.19(B)(2)(f); *State v. Fields*, 2d Dist. Clark No. 2020-CA-19, 2021-Ohio-3845, ¶ 10-11.

{¶ 26} In this case, the trial court correctly advised Heinzen at the sentencing hearing that she would be required to serve a mandatory three-year term of post-release

control.    The trial court also explained that:

> If you violate [post-release control], there could be sanctions.    If you commit a felony offense while on post-release control and are convicted, your post-release control could be terminated and you could be sentenced to prison for the greater of one year or the amount of time remaining on post-release control.    It will be mandatory that the post-release control time run consecutively to your sentence on the new felony offense.

Sentencing Trans. (Sept. 5, 2019), p. 22-23.

**{¶ 27}** The trial court, however, never advised Heinzen that if she violated post-release control (other than by committing a felony offense) she could receive a prison term of up to one-half of the stated prison term originally imposed upon her.    Although the trial court included this information in the sentencing entry, it was not discussed at the sentencing hearing as required by R.C. 2929.19(B)(2)(f).    For this reason, the post-release control portion of Heinzen's sentence is contrary to law.    *See Fields*, 2d Dist. Clark No. 2020-CA-19, 2021-Ohio-3845, at ¶ 11 (holding that the trial court's oral advisement at the sentencing hearing was inadequate where the trial court advised the defendant of the potential consequences for being convicted of a new felony while on post-release control, but failed to advise the defendant, as required by R.C. 2929.19(B)(2)(f), that the parole board could sentence him to a prison term of up to one-half the stated prison term for violations of post-release control).

**{¶ 28}** The Supreme Court of Ohio has explained that any error in failing to properly impose post-release control does not render the judgment of conviction void.

*State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 5; *Fields* at ¶ 8. "When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing post[-]release control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Harper* at ¶ 4. Therefore, because the trial court did not properly impose post-release control at the sentencing hearing, Heinzen is entitled to have the post-release control portion of her sentence set aside and a new sentencing hearing limited to the proper imposition of post-release control. *See State v. Mills*, 9th Dist. Summit No. 28954, 2021-Ohio-52, ¶ 13; *State v. Peace*, 11th Dist. Portage No. 2017-P-0037, 2018-Ohio-3742, ¶ 45-46; *State v. Welch*, 7th Dist. Belmont No. 20 BE 0029, 2021-Ohio-2487, ¶ 13.

{¶ 29} Heinzen's second assignment of error is overruled in part and sustained in part.

## Conclusion

{¶ 30} Having overruled Heinzen's first assignment of error, and having overruled in part and sustained in part Heinzen's second assignment of error, the judgment of the trial court is reversed with respect to the imposition of post-release control, and the matter is remanded to the trial court for the sole purpose of resentencing Heinzen to post-release control in a manner that is consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Ian Richardson
Johnna M. Shia
Caitlyn Heinzen
Hon. Douglas M. Rastatter