[Cite as *State v. Holycross*, 2022-Ohio-2312.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-4 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-49 |
| | : | |
| DONALD E. HOLYCROSS, II | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of July, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

FRANK MATTHEW BATZ, Atty. Reg. No. 0093817, 126 North Philadelphia Street, Dayton, Ohio 45403
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Donald E. Holycross, II appeals from his conviction following a guilty plea to two counts of receiving stolen property and one count of forgery.

{¶ 2} Holycross contends the trial court erred in failing to inform him of the details of post-release control at sentencing. Specifically, he claims the trial court neglected to tell him that a post-release control violation may subject him to additional prison time of up to one-half of his original sentence. For its part, the State concedes the trial court's failure to advise Holycross of the consequences of violating post-release control. In light of the trial court's failure to make this required advisement at sentencing, we reverse the trial court's judgment with respect to its imposition of post-release control and remand for resentencing to impose post-release control properly. In all other respects, the judgment is affirmed.

## I. Background

{¶ 3} Holycross pled guilty to the above-referenced charges as part of a negotiated plea agreement. The case proceeded to sentencing on May 19, 2021. The trial court imposed consecutive prison sentences resulting in an aggregate 36-month term. It also imposed up to three years of discretionary post-release control. Amended Sentencing Tr. at 14. The trial court did not orally advise Holycross at sentencing that a post-release control violation could result in the parole board's imposing an additional prison term of up to one-half of the stated prison term. The trial court's written judgment entry did include language stating that a post-release control violation may result in Holycross's being returned to prison for up to one-half of his original sentence. May 19, 2021 Judgment Entry at 6.

## II. Analysis

{¶ 4} We very recently addressed the issue before us in *State v. Heinzen*, 2d Dist. Clark No. 2019-CA-65, 2022-Ohio-1341. In discussing a trial court's statutory obligation to notify a defendant about post-release control, we explained:

> * * * "It is settled that 'a trial court has a statutory duty to provide notice of post[-]release control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.' " *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. *Accord State v. Bates*, Ohio Slip Opinion No. 2022-Ohio-475, __ N.E.3d __, ¶ 11.
>
> Per its statutory duty, "[t]he trial court must advise the offender at the sentencing hearing of the term of [post-release control] supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *Bates* at ¶ 11, citing *Grimes* at ¶ 11. *Accord State v. Hall*, 2d Dist. Montgomery No. 28882, 2021-Ohio-1894, ¶ 13. "Among other consequences, an offender's violation of a postrelease-control sanction or condition may result in the [Adult Parole Authority's] imposing a prison term on the offender." *Bates* at ¶ 11, citing R.C. 2967.28(F)(3). "However, the maximum cumulative prison term for all violations under R.C. 2967.28(F)(3) 'shall not exceed one-half' of the stated

prison term originally imposed." *Id.* Therefore, "at the sentencing hearing, the court must notify the offender that if he or she 'violates [post-release control] * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.' " *Grimes* at ¶ 9, quoting former R.C. 2929.19(B)(2)(e); R.C. 2929.19(B)(2)(f); *State v. Fields*, 2d Dist. Clark No. 2020-CA-19, 2021-Ohio-3845, ¶ 10-11.

*Id.* at ¶ 24-25.

{¶ 5} In *Heinzen*, the trial court failed to advise the defendant at sentencing that if she violated post-release control she could receive an additional prison term of up to one-half of her stated term. Although that information was included in the sentencing entry, "it was not discussed at the sentencing hearing as required by R.C. 2929.19(B)(2)(f)." *Id.* at ¶ 27. As a result, we found the post-release control portion of the defendant's sentence contrary to law, reversed the trial court's judgment with respect to its imposition of post-release control, and remanded for a new sentencing hearing limited to the proper imposition of post-release control. *Id.* at ¶ 28-30.

{¶ 6} Based on *Heinzen* and the authority cited therein, the trial court erred in failing to advise Holycross at sentencing that the parole board could impose a prison term of up to one-half of his stated prison term if he violated post-release control. Accordingly, his assignment of error is sustained.

### III. Conclusion

{¶ 7} The trial court's judgment is reversed with respect to its imposition of post-release control, and the matter is remanded for the sole purpose of resentencing to

impose post-release control in a manner consistent with this opinion. In all other respects, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Megan A. Hammond
Frank Matthew Batz
Hon. Michael A. Buckwalter