[Cite as *State v. Greene*, 2022-Ohio-4113.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-65 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-681B |
| | : | |
| DOUGLAS GREENE, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2022.

. . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Court House, Ohio 43160
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Douglas A. Green, Jr., pled guilty in the Clark County Court of Common Pleas to one count of felonious assault, a second-degree felony.   (The case caption, which is based on the judgment of conviction, appears to misspell Green's surname.) The trial court imposed an indefinite sentence of a minimum of 8 years and a maximum of 12 years in prison.   Green appeals from his conviction, claiming that the trial court erred in failing to provide the notifications required by R.C. 2929.19(B)(2)(c) at sentencing.   For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for a new sentencing hearing that complies with R.C. 2929.19(B)(2)(c).

## I. Facts and Procedural History

{¶ 2} According to the bill of particulars and presentence investigation report, on November 8, 2020, Green and a co-defendant fired multiple shots into a vehicle at a Springfield gas station.   When the victims drove off, they followed the vehicle and continued to shoot at the vehicle over the roadway.   One passenger was struck by a bullet.

{¶ 3} The following month, Green was indicted on four counts of felonious assault and two counts of discharge of firearm on or near prohibited premises.   Each charge included one or more specifications.   In May 2021, Green pled guilty to one count of felonious assault (Count 1); all remaining counts and all specifications were dismissed. After a presentence investigation, the trial court sentenced Green to a minimum of 8 years and a maximum of 12 years in prison.   The trial court also told him that, following his release from prison, he would be required to serve three years of post-release control.

{¶ 4} Green's initial appellate counsel filed a brief pursuant to *Anders v. California*,

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no non-frivolous issues for appeal and seeking leave to withdraw. Upon our initial review, we stated that a non-frivolous issue existed as to whether the trial court's imposition of post-release control failed to comply with R.C. 2929.19(B)(2)(f). We therefore rejected the *Anders* brief and appointed new counsel for Green.

{¶ 5} Green, with new appellate counsel, now raises one assignment of error on appeal.

## II. Notifications under the Reagan Tokes Act

{¶ 6} In his assignment of error, Green claims that his indefinite sentence under the Reagan Tokes Act is contrary to law because the trial court failed to provide the notifications required by R.C. 2929.19(B)(2)(c) at sentencing. The State concedes error.

{¶ 7} R.C. 2929.19(B)(2) states that, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court must do all the seven enumerated actions specified in that subsection. Of relevance here, R.C. 2929.19(B)(2)(c) identifies notifications that the trial court must provide if it imposes a non-life felony indefinite prison term pursuant to the Reagan Tokes Act. "Those notifications generally pertain to the offender's minimum and maximum prison term and to the existence and operation of a rebuttable presumption of release from service of the sentence upon expiration of the minimum term." *State v. Clark*, 2d Dist. Montgomery No. 29295, 2022-Ohio-2801, ¶ 7. Specifically, the trial court must notify the offender:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term

imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the

offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

{¶ 8} We previously have held that an indefinite prison sentence under the Reagan Tokes Act is contrary to law when the trial court fails to notify the offender at the sentencing hearing of the information set forth in R.C. 2929.19(B)(2)(c). *E.g.*, *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 23; *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 29; *Clark* at ¶ 7; *State v. McLean*, 2d Dist. Montgomery No. 29268, 2022-Ohio-2806, ¶ 14; *State v. Gatewood*, 2d Dist. Clark No. 2021-CA-20, 2022-Ohio-2513, ¶ 14. In *Massie*, we rejected the State's argument that the trial court sufficiently notified the offender of all the information in R.C. 2929.19(B)(2)(c) by simply including the information in the judgment entry of conviction. *Massie* at ¶ 20-22.

{¶ 9} Upon review of the sentencing hearing transcript in this case, the trial court failed to provide any of the notifications required by R.C. 2929.19(B)(2)(c) at sentencing. Citing *Gatewood*, the State agrees that the trial court did not adequately notify Green of the necessary information, and it asks that we remand the matter for the sole purpose of providing the necessary sentencing notifications under R.C. 2929.19(B)(2)(c). We agree that Green's indefinite sentence is contrary to law due to the trial court's failure to provide the notifications required by R.C. 2929.19(B)(2)(c) at sentencing. Green's assignment of error is sustained.

**III. Conclusion**

**{¶ 10}** The trial court's judgment will be reversed, and the matter will be remanded to the trial court for the sole purpose of conducting a new sentencing hearing in compliance with R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Ian A. Richardson
Steven H. Eckstein
Douglas Greene, Jr.
Hon. Douglas M. Rastatter