[Cite as *State v. Holbert*, 2024-Ohio-175.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29704 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 01799/1 |
| | : | |
| ALBERT DAVID HOLBERT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 19, 2024

. . . . . . . . . . .

CHRISTOPHER BAZELEY, Attorney for Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Albert David Holbert appeals from his conviction, following a plea of no contest, of one count of felonious assault. The State concedes that the trial court failed to properly advise Holbert at sentencing pursuant to the Reagan Tokes Act and regarding post-release control ("PRC"). The judgment entry of conviction also erroneously states

that Holbert pled guilty. Accordingly, the judgment of the trial court is reversed in part and remanded for resentencing. In all other respects, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 11, 2022, Holbert was indicted on one count of felonious assault (serious physical harm) and one count of felonious assault (deadly weapon). Holbert entered a no contest plea on December 22, 2022, to one count of felonious assault (serious physical harm), a felony of the second degree, in exchange for which the other count was dismissed. On January 19, 2023, the trial court sentenced Holbert to an indefinite term of a minimum of three years to a maximum of four and a half years in prison.

{¶ 3} Holbert's first appointed counsel filed a brief pursuant to *Anders v. California*, 386 US. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On September 13, 2023, we struck the *Anders* brief and appointed new appellate counsel.[1] Holbert now raises two assignments of error.

## ASSIGNMENTS OF ERROR AND ANALYSIS

{¶ 4} Holbert asserts two assignments of errors, which we will consider together:

THE TRIAL COURT FAILED TO PROPERLY ADVISE HOLBERT OF HIS RIGHTS UNDER THE RE[A]GAN TOKES ACT AS REQUIRED BY R.C. 2929.19,

THE TRIAL COURT FAILED TO PROPERLY ADVISE HOLBERT

---

[1] We "no longer permit counsel to withdraw on the basis that an appeal is frivolous or accept briefs filed pursuant to *Anders*." *State v. Holbert*, 2d Dist. Montgomery No. 29704, 2023-Ohio-3272, ¶ 26.

OF THE CONDITIONS OF PRC AT SENTENCING.

{¶ 5} In his first assignment, Holbert argues that the trial court failed to comply with R.C. 2929.19(B)(2)(c) at the sentencing hearing by providing certain advisements, although he acknowledges that the judgment entry of conviction properly set forth the necessary advisements.   In his second assignment of error, Holbert argues that the trial court failed to properly advise him of the conditions of PRC at the sentencing hearing, although again he acknowledges that he was properly advised about PRC during the plea colloquy and in the judgment entry of conviction.   The State concedes both errors by the trial court.

{¶ 6} Regarding the first issue, R.C. 2929.19(B)(2) states that, if the sentencing court finds at disposition that a prison term is necessary or required, it must do all of the seven enumerated actions set forth in that subsection.   R.C. 2929.19(B)(2)(c) requires the court to notify an offender, sentenced to a non-life indefinite prison term, of the following pertaining to the offender's minimum and maximum prison terms and to the operation of a rebuttable presumption of release from service of the sentence upon the expiration of minimum term.   That section provides:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the

presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 7} "We have previously held that an indefinite prison sentence under the Reagan Tokes Act is contrary to law when the trial court fails to notify the offender at the

sentencing hearing of the information set forth in R.C. 2929.19(B)(2)(c)." *State v. Greene,* 2d Dist. Clark No. 2021-CA-65, 2022-Ohio-4113, ¶ 8. Moreover, we have rejected the "argument that the trial court sufficiently notified the offender of all the information in R.C. 2929.19(B)(2)(c) by simply including the information in the judgment entry of conviction." *Id.,* citing *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376.

**{¶ 8}** The transcript reflects, and the State concedes, that the trial court failed to advise Holbert as required by the Reagan Tokes Act at sentencing. Accordingly, Holbert's first assignment of error is sustained.

**{¶ 9}** In his second assignment, Holbert asserts that the trial court failed to advise him at the sentencing hearing "whether PRC was mandatory, that it would be monitored by the Adult Probation Authority, or of any of the possible consequences of failure to comply with PRC," although it did so during the plea hearing and in the judgment entry; the trial court merely advised Holbert at sentencing: "Upon your release from prison you will be placed on post-release control for not less than 18 months, but it could be up to three years." The State concedes the error and that the matter should be remanded to the trial court for the trial court to provide the proper notifications.

**{¶ 10}** With regard to a trial court's obligation to notify a defendant about post-release control, we have stated:

> * * * "It is settled that 'a trial court has a statutory duty to provide notice of post[-]release control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.' " *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting

*State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. *Accord State v. Bates*, Ohio Slip Opinion No. 2022-Ohio-475, __ N.E.3d __, ¶ 11.

Per its statutory duty, "[t]he trial court must advise the offender at the sentencing hearing of the term of [post-release control] supervision, whether post-release control is discretionary or mandatory, and the consequences of violating post-release control." *Bates* at ¶ 11, citing *Grimes* at ¶ 11. *Accord State v. Hall*, 2d Dist. Montgomery No. 28882, 2021-Ohio-1894, ¶ 13. "Among other consequences, an offender's violation of a postrelease-control sanction or condition may result in the [Adult Parole Authority's] imposing a prison term on the offender." *Bates* at ¶ 11, citing R.C. 2967.28(F)(3). "However, the maximum cumulative prison term for all violations under R.C. 2967.28(F)(3) 'shall not exceed one-half' of the stated prison term originally imposed." *Id.* Therefore, "at the sentencing hearing, the court must notify the offender that if he or she 'violates [post-release control] * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.' " *Grimes* at ¶ 9, quoting former R.C. 2929.19(B)(2)(e); R.C. 2929.19(B)(2)(f); *State v. Fields*, 2d Dist. Clark No. 2020-CA-19, 2021-Ohio-3845, ¶ 10-11.

*State v. Heinzen*, 2d Dist. Clark No. 2019-CA-65, 2022-Ohio-1341, ¶ 24-25.

{¶ 11} Here, the trial court failed to properly advise Holbert regarding post-release control at sentencing. Holbert's second assignment of error is sustained.

{¶ 12} Finally, we note that although Holbert entered a plea of no contest, the judgment entry of conviction erroneously states that he entered a guilty plea.

{¶ 13} Based upon the foregoing, the judgment of the trial court is reversed in part and remanded for resentencing consistent with this opinion, including the issuance of a judgment entry properly reflecting the plea entered. In all other respects, the judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.