[Cite as *State v. Russell*, 2025-Ohio-2612.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30421 |
| Appellee | : | |
| | : | Trial Court Case No. 2023 CR 01143 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| BRADLEY RUSSELL | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 25, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

[[Applied Signature]]

MARY K. HUFFMAN, JUDGE

Epley, P.J, and Lewis, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30421

CHRISTOPHER BAZELEY, Attorney for Appellant
MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Bradley Russell appeals from his conviction, following a guilty plea, to one count of aggravated possession of drugs. For the reasons that follow, the judgment of the trial court will be affirmed.

## Facts and Procedural History

{¶ 2} On November 17, 2023, Russell was indicted on one count each of having weapons while under disability, improper handling of a firearm in a motor vehicle, and obstructing official business. The court entered not guilty pleas on Russell's behalf on March 26, 2024.

{¶ 3} On September 23, 2024, a bill of information was issued charging Russell with aggravated possession of methamphetamine (bulk but less than five times bulk). Russell failed to appear the following day, and a warrant was issued for his arrest.

{¶ 4} On February 24, 2025, Russell waived presentation of the bill of information to the grand jury and entered a guilty plea to the possession offense in exchange for the dismissal of the charges in the indictment. The court accepted his plea. The court sentenced Russell to 30 months in prison and advised him of the applicable non-mandatory term of post-release control.

## Assignment of Error and Analysis

{¶ 5} Russell raises one assignment of error. He claims that the trial court failed to

impose post-release control orally at sentencing and that the post-release control portion of his sentence therefore should be vacated. The State responds that Russell was properly advised during sentencing regarding post-release control.

{¶ 6} R.C. 2929.19 focuses on the sentencing process and the court's obligations during sentencing hearings, while R.C. 2956.28 addresses the post-release control period and the parole board's role in supervising offenders after their release from prison. " 'It is settled that "a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing" and that "any sentence imposed without such notification is contrary to law." ' " *State v. Heinzen*, 2022-Ohio-1341, ¶ 24 (2d Dist.), quoting *State v. Grimes*, 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 2004-Ohio-6085, ¶ 23, *overruled on other grounds, State v Harper*, 2020-Ohio-2913. *Accord State v. Bates,* 2022-Ohio-475, ¶ 11. "Per its statutory duty, '[t]he trial court must advise the offender at the sentencing hearing of the term of [post-release control] supervision, whether post-release control is discretionary or mandatory, and the consequences of violating post-release control.' " *Heinzen* at ¶ 25, quoting *Bates* at ¶ 11, citing *Grimes* at ¶ 11. *Accord State v. Hall*, 2021-Ohio-1894, ¶ 13 (2d Dist.)

{¶ 7} Post-release control is optional for two years when the offender is sentenced to a prison term for a felony of the third degree that is not subject to mandatory post-release control under R.C. 2967.28(B)(1) or (4), like Russell. Specifically, R.C. 2967.28(C) states that such sentences shall include a requirement that the offender be subject to a period of post-release control of up to two years if the parole board determines that a period of post-release control is necessary for that offender.

{¶ 8} Among other repercussions, " 'an offender's violation of a post-release control sanction or condition may result in the [Adult Parole Authority's] imposing a prison term on

the offender.' "  *Heinzen* at ¶ 25, quoting *Bates* at ¶ 11, citing R.C. 2967.28(F)(3).  The " 'maximum cumulative prison term for all violations under R.C. 2967.28(F)(3) "shall not exceed one-half" of the stated prison term originally imposed.' "  *Id.,* quoting *Bates.* Accordingly, " 'at the sentencing hearing, the court must notify the offender that if he or she "violates [post-release control] . . . , the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." ' "  *Id.,* quoting *Grimes* at ¶ 9, quoting former R.C. 2929.19(B)(2)(e); R.C.2929.19(B)(2)(f); *State v. Fields,* 2021-Ohio-3845*,* ¶ 10-11.

{¶ 9} In *Heinzen*, the trial court failed to advise the defendant that "if she violated post-release control (other than by committing a felony offense) she could receive a prison term of up to one-half of the stated prison term originally imposed upon her."  *Id*. at ¶ 27. "Although the trial court included this information in its sentencing entry, it was not discussed at the sentencing hearing as required by R.C. 2929.19(B)(2)(f)."  *Id.*  As such, we found that the post-release control portion of Heinzen's sentence was contrary to law, reversed the trial court's judgment with respect to its imposition of post-release control, and remanded for a new sentencing hearing limited to the proper imposition of post-release control.  *Id.* at ¶ 28-30.

{¶ 10} Russell's case is not analogous to *Heinzen*.  Here, the court imposed a sentence of 30 months in prison, and it advised him as follows regarding post-release control:

> Post-release control in this case is optional for up to a period of two years.
> But if imposed and violated, [it] could result in return to prison for up to one half
> the original sentence imposed by this court.

Consistent with R.C. 2929.19(B)(2)(f), the court notified Russell that if a period of supervision

were imposed following Russell's release from prison and if he violated that supervision, the parole board could impose a prison term, as part of the sentence, of up to one half of the definite prison term originally imposed . . . as his stated prison term.

{¶ 11} Russell acknowledges that the trial court's judgment entry contained the requisite advisements:

. . . Defendant MAY, if the Parole Board determines that a period of Post Release Control is necessary for Defendant, be supervised by the Parole Board for a period of UP TO TWO (2) YEARS Post-Release control, after Defendant's release from imprisonment.

Should the Defendant violate any post-release control sanction or any law, the adult parole board may impose more restrictive sanctions, may increase the length of post-release control, or could impose up to an additional nine (9) month prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. If the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, that sentencing court or the adult parole board may impose a prison term for the violation of post-release control, pursuant to R.C. 2967.28.

{¶ 12} Because Russell was properly advised regarding post-release control at the sentencing hearing and in the judgment entry, his assignment of error is overruled.

{¶ 13} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.